# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

VERLENA SEXTON-WALKER                                                  PLAINTIFF

VS.                                                                                 CIVIL ACTION NO. 4:10cv104-P-S

ALLSTATE INSURANCE COMPANY                                         DEFENDANT

## ORDER

This matter is before the court on motion of the plaintiff for Judgment as a Matter of Law (# 7). After considering the motion and the response thereto, the court finds as follows:

Plaintiff's motion is essentially a motion for judgment on the pleadings as provided for in Federal Rules of Civil Procedure Rule 12(c). If matters outside the pleadings are presented and not excluded, then the motion becomes one for summary judgment under Rule 56. *Id*. "The federal courts have followed a fairly restrictive standard in ruling on motions for judgment on the pleadings." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (1990). "Hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defense." *Id.* "The Importance of this policy has made federal judges unwilling to gant a motion under rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.*

This court has relied on rulings made by the Fifth Circuit describing the purpose of a motion pursuant to Rule 12(c) as follows:

> "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d

305, 312 (5th Cir. 2002)(citations omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. ." *Id*. "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id*. "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. at 312-313. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."*Id*. at 313. "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same."

*Conner v. American Public Life Ins. Co.*, 448 F. Supp. 2d 762, 764 (N.D. Miss. 2006).

In order for a court to address a Rule 12(c) motion, the case must be in a posture where a judgment on the merits can be rendered by the court based on the pleadings alone, and those pleadings must be construed in a light most favorable to the non-moving party. In this case, Allstate is the non-moving party. The issue in this case is whether Allstate is entitled to offer evidence to support its denial of liability and the affirmative defenses asserted in this case. In order to grant the pending motion, the court must find that Allstate would be unable to prevail under any set of facts or any possible theory that could be proven consistent with its denials in the Answer and the affirmative defenses therein. The plaintiff's motion fails to meet this burden and is therefore not well taken. Accordingly, the plaintiff's motion for judgment as a matter of law (# 7) is hereby DENIED.

So ORDERED, this the 28th day of December, 2010.

/s/David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**