**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


VERLENA SEXTON-WALKER                                         PLAINTIFF

VS.                                        CIVIL ACTION NO. 4:10cv104-P-S

ALLSTATE INSURANCE COMPANY                                    DEFENDANT


## ORDER

This matter is before the court on plaintiff's motion (#25) to reconsider order (#19) denying plaintiff's motion for judgment as a matter of law, or in the alternative as a motion for summary judgment. After considering the motion and the response thereto, the court finds as follows:

Plaintiff's motion, as a motion for reconsideration, is subject to Fed. R. Civ. P. 59(e). Under Rule 59(e), an order may be reconsidered in cases where: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Plaintiff simply makes the same arguments the Court already considered in denying the original motion. There is no manifest error of law or fact, nor does plaintiff identify/allege any such error, aside from offering several self-serving statements. The only "new evidence" presented is plaintiff's description of an inspection by someone from Industrial Hygiene and Indoor Air Quality Services. This person has not been designated as an expert, nor has he been made available for a deposition. The proffered evidence is both untimely and insufficient. Furthermore, there has not been any intervening change in controlling law since the Court's order was issued. Therefore, the plaintiff's motion for reconsideration is not well-taken.

Pursuant to the Federal Rules of Civil Procedure, "If on a motion under Rule 12(b)6 and 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as a motion for summary judgment under Rule 56." The "new evidence" presented by the plaintiff is not sufficient to support a motion for summary judgment.

However, it is not necessary to get to the merits or admissibility of plaintiff's evidence. The court notes that discovery is still in its early stages. The Fifth Circuit and the Supreme Court have both recognized the need for complete discovery prior to ruling on a motion for summary judgment. "Summary judgment should not...ordinarily be granted before discovery has been completed." *Xerox Corp. v. Genmoora Corp.*, 888 F. 2d 345, 354 (5th Cir. 1989). The court recognized that without discovery the non-moving party would be substantially handicapped. *Id.* The Supreme Court has held that Rule 56 of the Federal Rules of Civil Procedure "allows a summary judgment motion to be denied...if the non-moving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Discovery is still ongoing in this action. Therefore, plaintiff's motion as it amounts to a motion for summary judgment is not well-taken.

Accordingly, because the plaintiff has not identified any manifest error, nor offered any change in controlling law or evidence that has any effect on the controlling law, and because discovery is still in its early stages, the plaintiff's motion shall be DENIED.

SO ORDERED, this the 24th day of February 2011.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE