IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VERLENA SEXTON-WALKER

VS.                                                   CIVIL ACTION NO. 4:10CV104-DAS

ALLSTATE INSURANCE COMPANY

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant for summary judgment (# 92). After considering the motion and the response thereto, the court finds as follows:

### I. FACTS

On July 3, 2009, Verlena Sexton-Walker submitted an application to Allstate Insurance Company to insure her premises in Greenville, Mississippi. On February 19, 2010, she submitted a claim for water damage to the property. Allstate investigated the claim and found that damage had been caused when plumbing pipes inside the mobile home burst as a result of freezing temperatures. The plaintiff was away when the pipes burst. Allstate then rescinded the policy and denied coverage, finding that Ms. Sexton-Walker: (1) misrepresented information in her application; (2) misrepresented information during the claims process; and (3) the damage was caused by an excluded peril. On August 16, 2010, Sexton-Walker filed the present action without benefit of counsel, alleging numerous constitutional violations. After examining the complaint, however, the court construes the claims as one for bad faith refusal to pay an insurance claim. *See Covington v. Coles*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### Summary Judgment

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil

Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgement as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility to inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile* 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little* 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Importantly, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010). The 2010 amendments to Rule 56 now make this abundantly clear. Pursuant to Rule 56(c)(1), a party asserting that a fact "is

2

genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials."

## II. DISCUSSION

As noted *supra*, Allstate denied the claims made for a number of reasons. The court will address Allstate's first argument in some detail. With its first argument, Allstate contends it is entitled to summary judgment because it denied the claims made by Ms. Sexton-Walker after it learned she made material misrepresentations in her initial application. Material misrepresentations in an application for a policy of insurance give rise to the right of the insurer to rescind the policy. A misrepresentation is material if it affects the (1) acceptance of the risk or (2) the hazard assumed by the company. *See State Life Ins. Co. v. O'Brien*, 921 F. Supp. 420, 424 (S.D. Miss. 1995). "The burden rests on the party seeking to void a contract based upon a material misrepresentation to establish the existence of the factual misstatement and its materiality by clear and convincing evidence." *Pedersen v. Chrysler Life Ins. Co.*, 67 F. Supp. 472, 474 (N.D. Miss. 1988).

Because the court finds that the defendant met its burden, its motion for summary judgment is well-taken. Additionally, because the initial misrepresentations in the application for insurance provide more than adequate support to grant the defendant's motion, the court will not spend a great deal of time discussing the several additional grounds that likely would support the motion as well.[1]

---

[1]The court notes that while all citizens certainly have unfettered access to the federal courts, much of the plaintiff's behavior related to the claims made appears to drift dangerously close to fraud. That she now forces the court and the defendant to expend valuable time and

### A.  Misrepresentations in the Application

With its motion, Allstate argues it is entitled to summary judgment because it had numerous legitimate reasons to deny the plaintiff's insurance claim.  Allstate points first to the misrepresentations made by Ms. Sexton-Walker in the initial application for insurance and specifically to the following: (1) that the property to be insured was on a solid and continuous foundation; (2) that the home was not regularly unoccupied; and (3) that she had made no prior claims within the previous five years.

*Solid and Continuous Foundation*

On July 3, 2009, Ms. Sexton Walker completed an application for insurance and on that application, Allstate asked specifically: "Is the dwelling on a solid and continuous foundation?"  Ms. Sexton-Walker answered, "Yes."  Once she made her claim, however, investigators with Allstate discovered that the residence to be insured was in fact a mobile home and *not* on a solid and continuous foundation.  During her deposition defense counsel asked:

Q.  In fact, this dwelling was not on a solid and continuous foundation in July of 2009 when the application was submitted, was it?

A.  No.

In support of its motion, Allstate submitted photographs of the mobile home and the declaration of Tara Murnane in which Ms. Murnane explained that Allstate would not have insured the Ms. Sexton-Walker's property had it known the property was a mobile home.  Allstate also submitted in support of its motion the deposition testimony of the plumber who

---

resources addressing this matter is sanctionable.  Because the plaintiff is proceeding pro se, however, the court finds dismissal alone to be an adequate sanction.

inspected the premises after the claim was made. The plumber described the property as "a trailer."

While the plaintiff responds, arguing that the home was a "manufactured" home rather than a "mobile" home, it is unclear precisely what support she has for her position. It is clear, however, that during the application process, Ms. Sexton-Walker told the agent the property was a manufactured home on a solid and continuous foundation. The plaintiff still clings to this position, repeatedly arguing that the home was "on a slab and tied down." Inconsistently, however, she also argues that "Allstate should have known Plaintiff (sic) house was a manufactured home and not on a complete foundation via pre-insurance investigation." Because Ms. Sexton-Walker provides no support for her position save her own argument, and because the photographs submitted, the declarations submitted, and the deposition testimony of the plumber who examined the property make it plainly clear the residence was a mobile home, the defendant's motion is well-taken. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) (holding self-serving statements, without more, will not defeat a motion for summary judgment, particularly when faced with overwhelming evidence in opposition).

### *Regularly Unoccupied*

Also on the application signed by Ms. Sexton-Walker, Allstate asked: "Is the residence regularly unoccupied during the day or evening by all adult occupants in the household?" Ms. Sexton-Walker answered, "No." However, during its investigation, Allstate learned that Ms. Sexton-Walker actually worked as a school teacher in the Detroit, Michigan area. In her examination under oath, she explained – understandably – that she "mostly live[d]" in Michigan because she worked in Michigan. In her own response to the present motion, she explained:

"Plaintiff has travel (sic) between states bi-weekly to monthly for Plaintiff's career since August 19, 2007." Later in her response, she explained: "Plaintiff comes home regularly during the weekends without anyone knowledge (sic) of her comings and goings and when she arrives it is frequently during the late afternoon or over in the night . . . ."

In support of its motion, Allstate submitted the declaration of Tara Murnane in which Ms. Murnane explained that Allstate would not have insured the property had it known it was regularly unoccupied. It is not disputed that the property was regularly unoccupied. It appears as if Ms. Sexton-Walker is arguing that "regularly" occupied can be defined as perhaps "on a consistent basis," even when that occupation occurs once every two weeks or once per month. Clearly, that is not the intent of the application. Again, the question asked in the application is whether the home is regularly unoccupied "during the day or evening," making it clear that Allstate will insure the property if the applicant lives in the home on a daily basis. Certainly, occupants of any residence may be away at times on vacation or traveling for whatever reason, but the application seeks only whether the residence will be *regularly* unoccupied. It is not disputed that Ms. Sexton-Walker's residence was regularly unoccupied because she worked and rented an apartment in Michigan. Whether Ms. Sexton-Walker believes she was "regularly" home is immaterial. The answer she provided was a misrepresentation, and thus, the defendant's motion is well-taken. *See Nationwide Mut. Fire Ins. Co. v. Dungan*, 634 F. Supp. 674, 682 (S.D. Miss. 1986) (holding that whether applicant was confused concerning information requested is no defense to company's right to avoid policy issued in reliance on material misrepresentations).

<em>Prior Claims</em>

One portion of the application provided:

5 YEAR LOSS HISTORY (including losses at present and prior residences).

In response to this portion of the application, Ms. Sexton-Walker answered "None." Again, however, during its investigation, Allstate learned this was not accurate. In fact during her examination under oath, Ms. Sexton-Walker admitted she made two claims in the past five years, but she was not willing to come clean *entirely* and admit that any of those claims had been denied. During her examination under oath, the following exchange occurred:

Q. Okay. Have you ever had a claim denied by any insurance company, either auto, home, or renter's insurance for any reason?

A. Unh-unh.

Q. Is that no?

A. No, no, no. No, I haven't.

But she had. Allstate's investigation found that in 2006 Assurant denied three claims made by Ms. Sexton-Walker, one because she submitted an altered invoice. In support of its motion, Allstate submitted the declaration of Tara Murnane in which Ms. Murnane explained that Allstate would not have insured the property had it known Ms. Sexton-Walker had two or more claims made in the previous five years. Allstate eventually discovered no less than *nine* property claims made by Ms. Sexton-Walker during the five-year period at issue. Faced with this admittedly difficult-to-overcome evidence, Ms. Sexton-Walker essentially ignores it. After examining her response to the present motion along with her own motion for summary judgment, the court does not find any response to this argument that warrants discussion.[2] There is no

---

[2] Ms. Sexton-Walker does argue at times that the court should deny Allstate's motion because she did not provide the responses on the application, but rather the agent did so. The problem she encounters with this argument, however, is threefold: Her initials on each page of

dispute that Ms. Sexton-Walker provided false information on the application concerning her claims history, and thus, the defendant had every right to rescind the policy and deny the claim.

*Additional Argument*

Allstate denied the claims made by Ms. Sexton-Walker because she provided misrepresentations when she completed her application for insurance. Allstate also denied the claims because they argue she provided misrepresentations when she made her claim and because the damage was caused by an excluded peril. Because the court finds the evidence provided *supra* sufficient to grant the defendant's motion, the court will not spend additional time on the remaining arguments. The court does not believe it efficient to spend a great deal of time detailing, for example, instances in which Ms. Sexton-Walker claimed initially that at the time damage occurred, she had in the mobile home approximately five hundred pairs of shoes for which she stated she paid a total of $ $55,000.00; she also claimed she had over $3,500.00 worth of washing powder. If that was not enough, she claimed at first that personal property belonging to her children was lost as a result of the damage as well. Her children reside with their grandmother and not in the mobile home but apparently kept personal property in it. For example, Ms. Sexton-Walker first claimed her son, Tony Jr., lost 240 pairs of pants (at $49.99 each) and 320 tops (at 19.99 each) in the mobile home. She claimed her daughter, Emily, lost 300 pairs of pants (at 49.99 each) and 380 tops (at 39.99 each). When confronted during her deposition with these incredible numbers, she stated they were not accurate. There were

---

the application; her signature at the bottom of the application; and her testimony during her examination under oath that she read the application and agreed with the information provided. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (holding respondent "cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement.")

numerous other instances in which she claimed enormous numbers and questionable valuations for which she recanted when asked directly.

She also changed her story as to how the damage occurred. Allstate submitted the declaration of its investigator, Wilbur Jordan, to show that initially Ms. Sexton-Walker claimed that before she left the mobile home to travel to Michigan, she typically turned the heat to the off position. In her examination under oath, she stated that she left her heat on "like 73" when she would leave. Her position now is unclear, but the court sees no need to spend time attempting to discern precisely the argument.

Accordingly, the defendant's motion for summary judgment is well-taken, and it shall be granted. A judgment in accordance with this opinion shall issue this day.

SO ORDERED, this the 14th day of March, 2012.

s/David A. Sanders<br>U.S. MAGISTRATE JUDGE